**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-00013-01-CR-W-HFS |
| | ) | |
| LOUIS A. SOILEAU, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

The United States of America, by and through its undersigned counsel, files this

memorandum to assist the court in determining whether the defendant's prior convictions were

crimes of violence. In the sentencing hearing on October 27, 2011, the issue arose as to whether

the court could refer to the charging document in order to determine whether a conviction was for

a statute that would be a crime of violence. The government submits that the simple answer is

yes. When a "statute criminalizes both conduct that qualifies as a predicate offense and conduct

that does not, we may refer to the charging document, the terms of a plea agreement, the

transcript of the colloquy, jury instructions, and other comparable judicial records to determine

the basis for the guilty plea or verdict." *United States v. Linngren*, 652 F.3d 868, 870-1

(8th Cir. 2011).

In this case, the defendant was convicted of Simple Burglary, L.R.S. § 62., in two

separate cases, Case No. 60393[1] and Case No. 72306.[2] In each of these cases, the judgment does

---

[1] A copy of the judgment and charging document were introduced as Government's
Exhibit 1.

[2] A copy of the judgment charging document were introduced as Government's
Exhibit 2.

not specify the type of simple burglary committed by the defendant.  At the sentencing hearing, defense counsel argued that the court should not refer to the charging document to determine whether the burglary conviction was for the unlawful entry into a structure with intent to commit a crime therein.  See *Taylor v. United States*, 495 U.S. 575, 599 (1990).

However, since *Shepherd v. United States*, 544 U.S. 13 (2005), the Eighth Circuit has applied a "modified categorical approach" where a State defines an offense more broadly than the generic enumerated offense.  *United States v. Spudich*, 510 F.3d 834, 837 (8th Cir. 2008).

The court stated that with "regard to guilty pleas, the court is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information which must show the defendant necessarily admitted elements of the generic offense." *Id.*  (Quoting *Shepherd*, 544 U.S. at 26).

The Fifth Circuit Court of Appeals has applied this analysis to L.R.S. § 62, Simple Burglary.  In *United States v. Simon*, 153 FedAppx. 326 (5th Cir. 2005), the court stated that:

> Louisiana defined simple burglary as "the unauthorized entering of a dwelling, vehicle, watercraft, or other structure, movable or in movable, or any cemetery, with the intent to commit a felony or any theft therein". . . . Louisiana's statute defines burglary more broadly than the "generic burglary" of a building that is contemplated by the ACCA (Armed Career Criminal Act). . . . The district court thus was required to determine whether Simon simple burglary convictions constituted "generic burglary" convictions.

*Id.* (Citations omitted)

The court went on to determine that the record reflected that the defendant's two burglary convictions met the generic burglary definition because they were burglaries of businesses which "necessitate the existence of a building or structure." *Id.*  In this case, defendant Soileau's

conviction for Simple Burglary, reflected in the documents admitted as Exhibit 1, contained the charging document. The charging document alleged that the defendant "did willfully and unlawfully commit simple burglary of a building and/or belonging to Jasper Dupre." Clearly that brings that conviction within the scope of the "generic burglary" as a crime of violence.

In the defendant's conviction for Simple Burglary reflected in the documents admitted as Government Exhibit 2, the charging document alleges that "on or about July 6, 2006, . . . Soileau committed the offense of R.S. 14.62 Simple Burglary, by the unauthorized entry of the property of another located at Town & Country grocery store, . . . with the intent to commit a felony or theft therein." Once again, the language in the charging document makes it clear that it was a burglary of a building, a crime of violence.

In the defendant's convictions reflected in Government Exhibit 3, the judgment document clearly states that the defendant was convicted of two counts of Simple Burglary of an Inhabited Dwelling. The charging document alleges that one of the burglaries occurred on January 22, 2006, and the other burglary occurred at another location on January 23, 2006. Therefore, those convictions would count as two separate crimes of violence.

Finally, in the hearing, the defense attorney argued that the court should not rely upon the charging documents as amendments may occur between the time of charging and the disposition of the case. The defendant offered no evidence to support the claim that happened in these cases. An examination of the court's judgment and the charging documents reflect that the same charge of Simple Burglary that was alleged was listed as the count of conviction.

3

Wherefore, the government submits that the Court should use the "modified categorical approach" to determine whether the defendant's prior convictions for burglary qualify as crimes of violence.

Respectfully submitted,

Beth Phillips
United States Attorney

By: */s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney
Chief, Violent Crimes Strike Force Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-2771

PSB/lm

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on this 31st day of October 2011, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

Robert G. Kuchar
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO  64106

*/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney

4