IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,      )
      )
          Plaintiff,   )
      )
     vs.           )  Case No.
      )  11-00013-01-CR-W-HFS
LOUIS A. SOILEAU,      )
      )
          Defendant.   )

TRANSCRIPT OF CHANGE OF PLEA HEARING

On June 23, 2011, the above-entitled cause came on before the Honorable Howard F. Sachs, United States District Judge, sitting in Kansas City.

APPEARANCES

For the Plaintiff:        Mr. Paul S. Becker
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Floor 5
Kansas City, Missouri 64106

For the Defendant:        Mr. Robert G. Kuchar
Assistant Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, Missouri 64106

Katherine A. Calvert, RMR
United States District Court Reporter
Charles Evans Whittaker Courthouse
400 East Ninth Street
Kansas City, Missouri 64106
(816) 512-5741

1

JUNE 23, 2011

THE COURT: Court is in session for a reported change of plea in the case of United States of America against Louis A. Soileau.

Mr. Becker represents the United States. Mr. Kuchar represents the defendant.

Mr. Soileau and Mr. Kuchar should come forward.

Mr. Soileau, the proceedings here are important to your rights, so you should listen carefully to what is said, and if there is something you don't understand, you should ask me to stop. You can confer with your attorney to resolve any question that you may have.

THE DEFENDANT: Yes, sir.

THE COURT: The first procedural requirement is that I review with you the charges against you and the maximum, where it is applicable, and minimum punishment under the law.

MR. KUCHAR: Your Honor, if I may. I hate to interrupt. There's a couple things we probably should let you know before we proceed. Mr. Soileau is pleading guilty to Count 3. The government is agreeing to dismiss Counts 1 and 2 at the time of sentencing.

Also, Judge, there is a dispute as to the mandatory/minimum sentencing range, whether it applies or not. The government is going to take the position at sentencing that he qualifies for the 15-year minimum under 924(e). We left

2

that issue open for you to resolve. We're going to take the position he has a ten-year maximum and no minimum under 924(a). I thought I would tell you that before you kept going, Judge.

THE COURT: Fine. Mr. Becker, I take it you agree?

MR. BECKER: Yes, sir.

THE COURT: We do need to review the charges, and I will limit myself to Count 3 since counsel indicates that only Count 3 will be in question here.

Count 3 alleges that on or about the 3rd of January of this year in this district, that is, in the western part of the state of Missouri, that you possessed and knew you possessed a firearm, a Winchester .22 magnum, lever action rifle, with a serial number shown in the indictment, and that Winchester rifle had been transported in interstate commerce, that is, crossed state lines. There is no allegation that you brought it into the state of Missouri. That's not a necessary requirement of the government's proof.

The illegality of that possession is alleged to be that you had previously been convicted of crimes punishable by imprisonment for terms exceeding one year, that is, that you had felony convictions. If it was established that you did violate the law, as indicated either by plea of guilty that's accepted by the Court or by a trial and a conviction by a jury, then your attorney said the maximum would be ten years of imprisonment. The government contends that the maximum would

be -- or that the minimum would be 15 years of imprisonment. The difference there is how the criminal history is evaluated, and that would be a decision by the Court at sentencing if it is not resolved before sentencing.

If the government's contention is accepted by the Court as to your criminal history, the maximum punishment would be life imprisonment. There could be a fine of up to $250,000. There would be a period of supervision, what's called supervised release, after imprisonment, which would have a maximum of five years. There would be a $100 mandatory special assessment.

To repeat, because I'm sure it is very important to you, if the criminal record is evaluated, as your attorney contends it should be, there would be a maximum of ten years imprisonment.

I need to review with you various other aspects of punishment. I have referred to supervised release, which means that after imprisonment there will be a period of supervision by a federal probation officer. One of the purposes of that supervision would be to be sure that there was compliance with what we call conditions of release. The conditions of release cannot be fully outlined at this time because they would vary from individual to individual and from offense to offense; but for illustration, the conditions of release always would require -- would have a requirement that there be no further

4

law violation.  If it was reported to the Court that there was a violation of a condition of release, the Court would have to determine if that violation occurred; and if so, there could be further imprisonment for the violation.  I believe the maximum would be five years, but counsel could correct me if I'm mistaken on that.  There would be no credit given for compliance with conditions of release, which means that the same punishment would be imposed if a violation occurred after a good deal of compliance as would be imposed if the violation occurred shortly after supervision began.

The Court would also have to determine if the cost of imprisonment and the cost of supervision after imprisonment should be imposed on a defendant, and the decision on whether to impose those costs depends largely on the Court's view of reasonable ability to pay.  Ability to pay is also a factor, sometimes controlling factor, in determining whether there is a fine; and if so, how much the fine should be.

Mr. Soileau, do you understand the charges against you?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand the maximum penalty under the law and the minimum if the government's contention as to your criminal history is to be sustained?

THE DEFENDANT:  Yes, sir.

THE COURT:  I need to review various procedural

5

rights. You have a lawyer. You have a right to a lawyer at all stages of the proceedings. There is a right to plead not guilty and to persist in that plea. If you did persist in a not guilty plea, there would be a trial. It would be a jury trial. You would have the right to hear the witnesses against you in a courtroom and have the witnesses questioned by your attorney, cross-examined.

At a trial you would have what is called the privilege against self-incrimination, which means that you would not have to testify at the trial, and the government counsel could not make an argument to the jury or a comment to the jury that they should hold it against you or find you guilty because you did not testify if that was your choice.

If you wish to be a witness, of course, you could be a witness at a trial and you could also call witnesses to testify on your behalf. At a trial you would be presumed to be innocent of the charges, which means that the government would be required to present sound legal evidence establishing guilt, and would be required to satisfy the jury's guilt beyond a reasonable doubt before there could be a conviction.

The jury would consist of 12 persons. They would all have to agree on guilt before there could be a conviction. The verdict would have to be unanimous.

In the event of a trial and conviction, there would be the right to appeal to another court and to have that court

Case 4:11-cr-00013-RK    Document 42    Filed 12/09/11    Page 6 of 13

review the proceedings to be sure there had been essentially a fair trial and that there was enough evidence to allow a verdict of guilty.

In the event of a plea of guilty that's accepted by the Court, then there would be no trial. By that plea you would be giving up the trial rights I've been reviewing with you and the right to appeal from a finding of guilt.

Do you understand the procedural rights that I have been reviewing with you?

THE DEFENDANT: Yes, sir.

THE COURT: I need to talk to you now about the questioning process which usually occurred after a plea of guilty. The reason for the questioning process is that I cannot just accept a defendant's statement that the defendant wishes to plead guilty. I have to find that there is a factual basis for acceptance of the plea and that is usually established by questions; but because of what I have said earlier, you should recognize that you have no legal duty to answer questions about the offense. You are free, of course, to make a voluntary confession in the courtroom, but I emphasize it is your choice. You will be under oath sworn to tell the truth, and the answers that you give could be used in a prosecution for perjury, making a false statement if the government concluded there had been a false statement in these proceedings.

7

Do you understand the questioning process?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand there is no plea agreement as there sometimes is other than the dismissal of the first two charges?  And I will now ask the principal question, that is, how you wish to plead to the charge on the 3rd of January that you were a felon and possessed a firearm.  Guilty or not guilty?

THE DEFENDANT:  Guilty, Your Honor.

THE COURT:  Mr. Kuchar, are you satisfied that the defendant is competent to enter the plea?

MR. KUCHAR:  Yes, Judge.

THE COURT:  And also, Mr. Kuchar, have you had an opportunity to review the government's investigative files?

MR. KUCHAR:  Yes, Your Honor.

THE COURT:  I would ask the clerk to place the defendant under oath.

LOUIS A. SOILEAU, being sworn by the courtroom deputy, testified:

EXAMINATION BY THE COURT:

Q     The papers I have indicate that you were born in 1979. Would that be correct?

A     Yes, sir.

Q     How much education have you completed?

A     Ten years.

Q      Have you conferred with your lawyer as much as you believe you need to?

A      I would say so.

Q      And are you satisfied with the way he's handled the case?

A      Yes, sir.

Q      Are you mentally under the influence, that is, is your mind affected by drugs, medicine, pills, alcohol, anything you've had to eat or drink in the past 48 hours?

A      No, sir.

Q      Have you understood the proceedings so far?

A      Yes, sir.

Q      Was there any physical force on you to cause you to plead guilty?

A      No, sir.

Q      Were there any threats made causing you to plead guilty?

A      No, sir.

Q      Were there any promises or assurances about the outcome of the case that caused you to plead guilty?

A      No, sir.

        THE COURT:  We have reached the place where I need to have the factual basis.  So at this time I would ask the lawyers to help me out by either questioning of the defendant or in some other manner satisfying me that there is a factual

9

basis for acceptance of the plea. Either side can take the lead.

MR. KUCHAR: All right, Judge.

EXAMINATION BY MR. KUCHAR:

Q    Mr. Soileau, I'm going to direct your attention to January 3rd of 2011. Do you remember that day?

A    Yes, sir.

Q    Were you physically present in Independence, Missouri?

A    Yes, sir.

Q    And at that location -- first of all, were you inside a motor vehicle?

A    Yes, sir.

Q    Did a police officer try to make contact with you?

A    Yes, sir.

Q    In that motor vehicle did you have in your possession the Winchester .22 magnum rifle?

A    Yes, sir.

Q    And the serial number here listed in the indictment is F262070. Was that the weapon you had in your possession?

A    Correct.

Q    In your possession did you at some point intend on controlling it or holding it or producing it, anything like that?

A    Not no physical force to anybody in any way whatsoever. It was just in my possession.

10

Q     Now, if you didn't know then, you now know after looking at the discovery, the paperwork here, this rifle was transported in interstate commerce; in other words, part or all of it was made outside the state of Missouri before it got there.  You are now aware of that?

A     Yes, sir.

Q     You have at least one prior felony conviction?

A     Correct.

Q     Specifically on December 1 of 1997 you were convicted of theft and you were sentenced to two years' incarceration?

A     That's correct.

Q     And you know there are a couple other burglary type of allegations and convictions on your record.  That is an issue that will need to be sorted out before the Judge.

A     Yes.

Q     For purposes of today's hearing, you admit you have a felony conviction where the sentence was greater than two years?

A     Yes.

          MR. KUCHAR:  Judge, I will submit that as a factual basis.

          THE COURT:  All right.  Mr. Becker, are you satisfied with the record or is there something further?

          MR. BECKER:  That's fine.  The rifle was made in Connecticut.  The evidence will be that the rifle was

11

manufactured in Connecticut.

THE COURT: Based on the record, I do accept the plea of guilty to Count 3 and direct that it be entered in the record.

I find the plea is voluntarily made and that there is a factual basis for acceptance and the defendant understands the consequences of the plea.

A presentence investigation will be ordered. The draft of the report will be made available to both sides. Both sides would have an opportunity to ask for changes in the report. When there's as much agreement as possible, it will be prepared in final form and submitted to the Court, at which time a sentencing proceeding can be scheduled.

The defendant does appear to be in custody and would remain in custody until further order of the Court.

If there's nothing further to take up with me, Court will be adjourned.

(Adjournment)

Case 4:11-cr-00013-RK    Document 42    Filed 12/09/11    Page 12 of 13

REPORTER'S CERTIFICATE

I, Katherine A. Calvert, Registered Merit Reporter, hereby certify that I am a duly appointed, qualified, and acting official court reporter for the Western District of Missouri; that on June 23, 2011, I was present and reported all of the proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. LOUIS A. SOILEAU, Defendant, No. 11-00013-01-CR-W-HFS.

_____, RMR
Registered Merit Reporter

Dated this 9th day of December, 2011.

13