IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,   )
    )
    vs.    )  Case No.
    )  11-00013-01-CR-W-HFS
LOUIS A. SOILEAU,    )
    )
    Defendant.   )

TRANSCRIPT OF SENTENCING HEARING

On October 27, 2011, the above-entitled cause came on before the Honorable Howard F. Sachs, United States District Judge, sitting in Kansas City.

APPEARANCES

For the Plaintiff:    Mr. Paul S. Becker
    Assistant United States Attorney
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Floor 5
    Kansas City, Missouri 64106

For the Defendant:    Mr. Robert G. Kuchar
    Assistant Federal Public Defender
    818 Grand Avenue, Suite 300
    Kansas City, Missouri 64106

Katherine A. Calvert, RMR
United States District Court Reporter
Charles Evans Whittaker Courthouse
400 East Ninth Street
Kansas City, Missouri 64106
(816) 512-5741

1

OCTOBER 27, 2011

THE COURT: Court is in session for sentencing in the case of United States of America against Louis A. Soileau.

Mr. Becker represents the United States. Mr. Kuchar represents the defendant.

Mr. Kuchar and the defendant should come forward.

Mr. Kuchar, is there any reason that sentencing should not occur today?

MR. KUCHAR: No, Your Honor.

THE COURT: And, Mr. Soileau, is there any reason to delay sentencing?

THE DEFENDANT: No, sir.

THE COURT: I have a presentence report. There are several objections to the report. The major one, I suppose, has to do with whether the criminal history has the requisite number of convictions for what would be described as crimes of violence.

A second objection has to do with whether there should be an enhancement because the firearms in question had been stolen.

And finally there is an objection to a reference to an alleged threat against Susan Sharp. I don't believe that one affects the guidelines, but it may have some sentencing implications. Otherwise, I understand the presentence report is basically not objected to.

2

Is that a fair description of the issues, Mr. Kuchar?

MR. KUCHAR: Yes, sir. Judge, additionally -- I beg your pardon. You may have mentioned this. We did object to also a four-level enhancement. It may or may not matter, depending on how you rule on the armed career criminal. We object to paragraph 25 in the PSI as well as the rest related to paragraph 25. As a matter of fact, Mr. Soileau is denying that he committed any type of burglary, and I guess the contention in the PSI is that he committed the burglary and in connection with that burglary he possessed these firearms, and my client denies that, that enhancement and the commentary supporting that.

THE COURT: All right. I take it those issues, then, are the ones we need to deal with.

I should confirm with the defendant, however. Mr. Soileau, have you reviewed the presentence report with your attorney?

THE DEFENDANT: Yes, sir, I have.

THE COURT: And you've heard reference to the objections that have been made by your attorney. Do you have objections to the report that he had not made?

THE DEFENDANT: No, sir. I think that's to the best of my knowledge.

THE COURT: His description --

3

THE DEFENDANT: Yes, sir.

THE COURT: -- is adequate for your purposes?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any witnesses here? Does the government have any witnesses or the defendant? Or is this just an issue of law, plus, I guess, looking at some statutes?

Mr. Becker?

MR. BECKER: The government does not have any witnesses today. Should we, I guess, get to the point where we have to decide the issue on the burglary or not burglary -- I frankly had not been focusing on that issue. I was focusing on the prior convictions, and I guess when we get to that point, I may have to at least call the probation officer to relay some evidence.

THE COURT: All right. But you don't have any outside evidence. And from the defendant's standpoint, do you have any evidence other than the statutory matters that you want to deal with?

MR. KUCHAR: We don't, Judge. We do take the position, as far as the factual considerations are concerned, we made timely and clear objections; and the government, if that becomes an issue, of course, has an obligation of proving that by a preponderance of the evidence. No, to answer your question, we don't have any witnesses here to testify.

THE COURT: I take it we're going to have -- well,

4

let me also clarify. I don't think I have any sentencing memorandum or any briefing, legal briefing by either side; is that correct?

MR. BECKER: That's correct from the government, Judge.

MR. KUCHAR: That's correct, other than the objections that were made to the PSI.

THE COURT: Okay. We do -- it looks as though the first issue and the one that would determine, I guess, whether we're dealing with the 15-year statutory minimum, may take some review of legal points, and I think that the defendant and counsel could return to the table.

I have pulled down from Westlaw some case citations, but I may not have everything I looked at earlier; however, we need to have -- is it three crimes of violence or are we relying on -- are we relying on past drug offenses also?

MR. BECKER: It's three crimes of violence, Judge, three or more crimes of violence.

THE COURT: Okay.

MR. BECKER: The government would offer into evidence Government's Exhibits 1, 2, 3, copies of convictions he sustained in 2000, 2007, and 2008.

THE COURT: All right. Any objection to the --

MR. KUCHAR: Well, Judge, technically I guess I do need to object in part anyway. I do believe that going in

5

order in which they're represented in Government's Exhibit 1, the first two pages which were apparently what we would call the commitment papers, the actual sentence that I think should be considered by the Court, but I do not think the rest of that exhibit, pages 3 and 4, should be considered. I imagine we're going to get into that in more detail for the record.

MR. BECKER: I hate to interrupt, Mr. Kuchar. Why shouldn't we consider it?

MR. KUCHAR: Judge, because -- well, I wasn't quite finished with what I was saying, but I believe under the categorical approach just the journal entry is to be considered. For that reason, I have the same objection to Exhibit No. 2. Also the same to 3, and also, Judge, to 4. So that would be my initial concern for recordkeeping purposes. Judge, I would make that objection that our position is it's to be determined on the journal entry only.

THE COURT: The Supreme Court seems to be having some trouble with this, and I have some also, but to be -- I will admit in evidence the exhibits. I'll take into account the legal argument if certain pages that are maybe critical are not to be considered; but as far as authenticity of record information, these exhibits will be admitted into evidence.

Does defendant have some exhibits or -- I have a couple of statutory -- apparently statutory quotes from the Louisiana statute. Are you asking me to take judicial notice

6

of that?

MR. KUCHAR: Judge, if you take judicial notice of Louisiana statute annotated 14.62 appears to be called a simple burglary, and then also 14.62.3, unauthorized entry -- I'm sorry -- 62.4, unauthorized entry of a place of business are the two I was going to ask you to consider, just take judicial notice. Those are, in fact, in part the statutes that are in question. I think the prosecutor has a couple others they want you to consider, but those are the two I would like you to look at.

MR. BECKER: Judge, I provided the Court and counsel copies of the Louisiana Revised Statute 62, simple burglary; 62.2, simple burglary of an inhabited dwelling; 62.3, unauthorized entry of an inhabited dwelling; and 62.4, unauthorized entry of a place of business. I'd ask the Court to take judicial notice of those statutes.

THE COURT: All right. Maybe we can work backwards. There's one, seems to me, clearly is not one that should be counted. That has to do with the paragraph 48, reference to unauthorized entry of a business, the Quick Stop, the Quick Stop entry. From my -- we can deal with this more or less conversationally rather just a formal argument.

In looking at the unauthorized entry convictions in Louisiana under that statute and determining whether they should be considered crimes of violence, my understanding of

7

what the 5th Circuit has been saying and the District Court in the 5th Circuit in the cases in the last couple of years would be that unauthorized entry of a residence is a crime of violence.  I don't see that it's even been argued there that unauthorized entry of a business would be a crime of violence.

And the distinction between a business -- an unauthorized entry and a burglary seems to be that the -- with unauthorized entry there doesn't need to be any proof of a further crime or intended crime for an unauthorized entry.  However, for a burglary, you have to show that there was -- the entry was for the purpose -- was for a criminal purpose.

The impression I have of how the Louisiana law would be -- is being applied is that if you either have a burglary conviction or an unauthorized entry of a residence, that you have a crime of violence; but if it's simply as described here, unauthorized entry of a business, that you lack a sufficient risk of entry to have a crime of violence.  I don't know that gets the defendant very far, because I think that paragraph 48 is the only one that is, it seems to me, to be that vulnerable.

Let me also mention that I have a per curiam 8th Circuit opinion in Valle, V-a-l-l-e, which came out of this district in which the panel said that the circuit has held that any generic burglary that is unauthorized entry for the purpose of committing a crime would be a crime of violence, even though that may be debatable, but the panel's unable to depart from --

8

depart from that test. I think that that approach might mean that the other crimes that have been noted would be crimes of violence but not the one in paragraph 48.

Maybe counsel wants to argue that approach or tell me where they think I'm mistaken.

MR. BECKER: Judge, I started out with the same position you've just articulated, that this conviction that's reflected in Government's Exhibit 4, the unauthorized entry of a business, by the definition of the statute clearly would not be considered a crime of violence under Taylor because it doesn't have that entry with intent to commit a crime therein. But then when you look at the 8th Circuit case law on the unauthorized entry into a dwelling, it has -- it recognizes it's not a burglary because it doesn't have that element of entering to commit -- with the intent to commit a crime therein, but it does have the language -- but, as you said, in the cases of the unauthorized entry of an inhabited dwelling, the 5th Circuit has held that is a crime of violence. That is in United States v. Claiborne, 132 F.3d 253, 1998, which has been revisited recently in United States v. O'Connor, 632 F.3d 894. That's from 2011 February of this year. That, again, holds that unauthorized entry of an inhabited dwelling is a crime of violence.

What's interesting there is the language really doesn't seem to be confined just to circumstances of a

dwelling. It talks about the earlier case of Claiborne that we likened this unauthorized entry to a burglary despite the -- in fact, the unauthorized entry does not require the intent to commit a felony therein. Nevertheless, we conclude a home invader's nonfelonious mindset does not eliminate the risk of injury to the victims. Later it says, after a discussion about the guidelines, the Louisiana crime of unauthorized entry is expressly defined as the intentional entry by a person without authorization. So it's that intentional conduct that gets past the Begay objection that was more recently put out by the Supreme Court.

THE COURT: Well, you're acknowledging, are you, that the -- in paragraph 48 the crime should not be counted?

MR. BECKER: No, I'm not, Judge. I'm saying I was unable to find -- and I think that's what the Court said as well, that we're unable to find any cases interpreting that statute and whether or not it was a crime of violence for federal sentencing purposes.

There's a line of cases for the statute that precedes it in this sequence; that is unauthorized entry of an inhabited dwelling. That is a crime of violence as interpreted by the 5th Circuit. I'm saying that the rationale articulated in those cases is equally applicable to the unauthorized entry into a place of business, 62.4. It's the same rationale the 8th Circuit held, contrary to some of the other circuits, that

10

a burglary of a commercial building is a crime of violence because of the potential for people to respond, police to respond, the business owner to respond, and the threat of violence that would follow.

THE COURT: Except that in Valle, at least as far as the case law so far cited, you have to have -- you have to have burglary, and the Court in Valle refers to the purpose of committing a crime.

MR. BECKER: That makes it a burglary but whether or not it has potential for violence and, therefore, would fall into what is --

THE COURT: Well, okay. The trouble is they all have potential for violence but it's whether -- it's whether it's similar in seriousness, serious potential.

MR. BECKER: That's right.

THE COURT: Well, for present purposes -- but I don't think it makes any -- it would make any difference. I am inclined to and at this point let's say that I'm ruling that the government has -- the probation office has not made it on paragraph 48, that should not be counted. But I have the impression that you probably have enough other convictions that would count. So let's go back -- let's go back to the ones that you are relying on other than the Quick Stop.

Would the first one be paragraph 44, which is described in the presentence report as a simple burglary?

11

MR. BECKER:  Yes, Judge.  It would correspond with Government's Exhibit 1.

THE COURT:  And why -- then I guess I should ask Mr. Kuchar, why under -- why I'm not bound -- why I shouldn't do what the panel did in Valle and say, Well, it's already been decided that a generic burglary is a crime of violence.

MR. KUCHAR:  Well, unless, Judge, of course, it was a burglary of a motor vehicle or something that's not a structure or a commercial structure or inhabitable dwelling and the argument --

THE COURT:  Yes, you're right, but at least it's defined here.  It says unauthorized entry of a structure.

MR. KUCHAR:  Right.  And when you look at the simple burglary statute, again, it's been referenced for the record, 14.62, it lists a number of ways that particular burglary could be committed that doesn't involve a structure.  For example, it talks about a vehicle, watercraft or even a cemetery is what it talks about with the intent to commit a felony or theft therein.  One could commit this crime by entering into a vehicle or watercraft or a cemetery or something that isn't considered a structure with the intent to commit a felony or theft on that particular premises.

Judge, what our argument is, you know, starting from the beginning, of course, the crime of burglary is not inherently -- doesn't have the element of violent or aggressive

12

behavior. That's somewhat irrelevant I would concede because it is an enumerated offense. So I think the government has to prove to you or to any questioning Court that Mr. Soileau's been convicted of a burglary of a structure, commercial business, inhabitable dwelling, whatever the case might be. And you don't get to, of course, relitigate the case and go back to the facts of the case. I would suggest that the categorical approach limits you to the statute, which is overinclusive. It includes ways in which this crime can be committed without involving a structure.

And the final commitment paper, the journal entry -- and I'm going, again, to refer to page 1 of Government's Exhibit No. 1 because this is what they're relying upon to verify that Mr. Soileau committed a crime of violence. First of all, it doesn't mention this crime is a felony or misdemeanor. It does talk about an extended period of hard labor, and I guess we're going to have to determine, first of all, what that is. It doesn't reference a statute. It's not as if it has, you know, a reference to 14.62, then maybe a subsection that talks about whether it's a dwelling or a commercial business. It doesn't mention what type of burglary was committed. You know, so a fair reading of what was -- he was actually sentenced for leaving out the details that you need to make that determination.

Now, the government, of course, attaches and asks

you why I thought, when I was trying to talk to the Court, that the charging document shouldn't be the end all of this discussion, because we don't know if this charge was an amended document. You know, people are charged with all kinds of things, particularly, I would suggest, in state court and they're negotiated in different ways, and because he was initially charged with what appears to be a simple burglary of a building -- by the way, we don't know what kind of building that is to a guy named Jasper Dupree. The government wants you to assume he was convicted of a burglary involving a structure or a dwelling; and, Judge, I would suggest that from the commitment paper you have, the information that you're allowed to rely upon, you can't make that determination. It's a leap. And the evidence that's here right now, I don't think you can make that connection, and that's the argument to that conviction counting as a predicate conviction for 924(e) purposes.

THE COURT: Well, the third page of Government's Exhibit 1, are you saying I can rely on that or not?

MR. KUCHAR: I don't think you can, Judge. All that is is a charging document. People get charged with lots of things and plead to other things. It's something that happens. And I guess I don't think you should make the connection that because he was charged with that, that's exactly what he, you know, pled guilty to. That's the argument there.

14

Also, you know, simple burglary of a building, car outside of a building, any way this burglary transpired, that you don't know that he burglarized exactly the buildings that are described in the cases you've been talking about based on the information you have there. The way to answer your question is I don't think so. I think if you are going to impose a 15-year mandatory/minimum sentence on somebody, you need a little bit more than a charging document from Louisiana, then a conviction paper that is rather vague -- very vague. The entry does not say what type of burglary we are talking about.

THE COURT: Arkansas would be better than Louisiana.

MR. KUCHAR: Almost anybody.

MR. BECKER: Judge, I just for -- hopefully to clarify the situation. It is an unpublished decision, 5th Circuit, United States v. Simon from 2005 that discusses whether or not this simple burglary is a crime of violence, and the Court states Louisiana defines simple burglary as unauthorized entry -- entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery with intent to commit felony or any theft therein. Louisiana's statute defines burglary more broadly than the generic of -- that is contemplated by the armed career criminal act. It shows Shepherd v. The United States and Taylor v. The United States, the two Supreme Court cases. The district court

15

thus was required to determine Simon's simple burglary convictions constituted generic burglary convictions, see Shepherd.

Shepherd sort of addressed this situation here where you can commit the crimes in multiple ways and some would be crimes of violence, that is, a burglary of a dwelling or building, and some would not be crimes of violence, a burglary of a watercraft. In those instances the Court instructed that the sentencing court should look to the charging document. It would be improper to look to the police reports, but the Court can and should consider the charging documents, any plea colloquy, we don't have, but in this instance we do have the charging document which charges the same offense, simple burglary, that is on the commitment paper, simple burglary. It adds a clarification that it was a burglary of a building. There's no indication anywhere that there's an amendment or lesser included or anything else. What he was charged with is simple burglary of a building. What he pled guilty to is simple burglary. I think the Court can and should take into account the charging document in order to determine whether this conviction was a crime of violence.

MR. KUCHAR: Judge, the only thing I might say about that is, again, we're just kind of guessing if the charge was amended. Maybe they amended it by interlineation. Maybe they amended it orally. We just don't know. You know, if that

16

logic is to be adopted, I would suggest that the journal entry -- I keep referring to that as a journal entry -- the commitment order, I guess, summarizing the sentence should make some reference at least to the charging document so you know as charged in the complaint filed, whatever, the defendant pleads as charged or is convicted as charged.  At least have a mention of what type of burglary we're talking about before you conclude solidly that it's the type of burglary that classifies Mr. Soileau as an armed career criminal.

THE COURT:  Perhaps the lawyers were acting reasonably in not filing some kind of a general sentencing memorandum, but it does seem to me that we're at a point where there may be inconsistent court decisions, but surely there are a lot of court decisions saying whether the record of the plea that we have on page 2 of Exhibit 1 and take into account the third page which, I guess, you're calling the charging document.  My hunch is that the charging document referring to the building, if that's all that the defendant has -- if the defendant cannot come up with some other pertinent document, that I should consider the reference by the charging document to the building, and then to conclude that burglary of a building is what is already been decided by the circuit, but I don't think I'm comfortable in just saying, Well, I decline to use the charging document since that is apparently the controlling issue.  It does seem to me I better take that point

17

under advisement and ask for some cases, if not any briefing.

Is this the same issue that we have for the other criminal situations, the criminal record points? That would be paragraph 44 -- well, 46 described here as simple burglary of an inhabitable dwelling, which would seem clearly is within the crime of violence category if I can rely on that. Is that Exhibit 2?

MR. BECKER: That's Exhibit 3 actually, Judge.

THE COURT: 3.

MR. BECKER: Two counts of simple burglary of an inhabitable dwelling. Of course, then we would have to look at the charging document to see if those burglaries happened on dates different than one another so that they would be counted separately.

THE COURT: So we have the same problem, that is, whether you can go back to the charging document. If you go to the charging document, then you have the two events. Is that it?

MR. BECKER: Yes, sir. Count 1 being alleged to have occurred January 22nd, 2006. Count 3 alleges a burglary that happened on the next date, January 23rd, 2006.

MR. KUCHAR: But, Judge, if I might, Exhibit 2 we have the identical problem we have on Exhibit 1.

MR. BECKER: That's right.

MR. KUCHAR: Those are --

18

MR. BECKER: The order in the presentence report is different than what we had.

MR. KUCHAR: Right. So Exhibit 2 would correspond to paragraph 47 in the PSI where Exhibit 1 corresponds to paragraph 44, those issues to be identical anyway whether you can consider the charging document in making --

THE COURT: Paragraph 47 is the same issue as paragraph 44?

MR. KUCHAR: That's correct, Your Honor.

THE COURT: Let me look at the Exhibit 2. And that's a grocery store according to the information. Well, but you don't need the separate dates, do you? You either got 44 and 47 or you've lost 44 and 47; and if you win -- if the government wins on 44 and 47, you just need one more, so the separate dates don't matter, and I would think that 46 would count as one crime of violence at least. So what needs to be decided is whether these other two, which would require going back to the charging document, should be considered. Do the lawyers agree that's really what we've got?

MR. BECKER: Yes, sir.

MR. KUCHAR: Yes, Your Honor.

THE COURT: All right. Well, as I say, I think I better take it under advisement just rather than rely on my gut reaction, which is, I acknowledge, favorable to the government's position.

19

We might as well see how much -- whether we have any other matters that need to be developed either by proof or by legal ruling. And I guess that takes us to --

MR. BECKER: Judge, the remaining issue seems to be whether or not there was a burglary when these guns were taken or whether --

THE COURT: Or whether it was her property.

MR. BECKER: Right. We do not have witnesses here to present on that issue, so I would ask that the matter be put over for the government to file a brief on the legal issue and then to set another date where we'll have a number of witnesses relating to the theft of the firearms.

THE COURT: It seems that's the way we're going to need to handle it. So we'll continue the sentencing to another date that is convenient to counsel, and on the legal point perhaps I should suggest that both sides supply me with at least some citations a week from today. Is that appropriate?

MR. BECKER: That's fine, Judge.

MR. KUCHAR: That's fine, Judge.

THE COURT: All right. Then we'll recess the proceeding for further hearing and legal ruling based upon further review of the law and anything that counsel can present me within the next week.

The Court will be in recess.

(Adjournment)

20

REPORTER'S CERTIFICATE

I, Katherine A. Calvert, Registered Merit Reporter, hereby certify that I am a duly appointed, qualified, and acting official court reporter for the Western District of Missouri; that on October 27, 2011, I was present and reported all of the proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. LOUIS A. SOILEAU, Defendant, No. 11-00013-01-CR-W-HFS.

_____, RMR
                Registered Merit Reporter

Dated this 9th day of December, 2011.

21