IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )  Case No.
                                     )  11-00013-01-CR-W-HFS
LOUIS A. SOILEAU,                    )
                                     )
                Defendant.           )

TRANSCRIPT OF SENTENCING HEARING

        On November 3, 2011, the above-entitled cause came on

before the Honorable Howard F. Sachs, United States District

Judge, sitting in Kansas City.

APPEARANCES

For the Plaintiff:          Mr. Paul S. Becker
                            Assistant United States Attorney
                            Charles Evans Whittaker Courthouse
                            400 East Ninth Street, Floor 5
                            Kansas City, Missouri 64106

For the Defendant:          Mr. Robert G. Kuchar
                            Assistant Federal Public Defender
                            818 Grand Avenue, Suite 300
                            Kansas City, Missouri 64106

Katherine A. Calvert, RMR
United States District Court Reporter
Charles Evans Whittaker Courthouse
400 East Ninth Street
Kansas City, Missouri 64106
(816) 512-5741

1

NOVEMBER 3, 2011,

THE COURT: We're in session for a continued sentencing proceeding in the case of United States of America against Louis A. Soileau.

Mr. Becker represents the United States. Mr. Kuchar represents the defendant.

One purpose of delaying sentencing was to allow some citations on the criminal history issue, and I have a filing by the government. I understand it's not -- that the defendant has no additional citations. Mr. Kuchar maybe should be heard further on the -- on that subject.

There was an additional issue about whether the firearms were stolen; and if so, I guess who -- what evidence there is as to who stole the firearms. I understood there might be some testimony on this issue, although it doesn't seem very significant as to the sentencing calculations.

Mr. Becker, is there going to be any evidence on that subject?

MR. BECKER: Judge, I was awaiting the Court's ruling on the 924(e) issue. Should the Court rule in government's favor and find the defendant an armed career offender, the government was not going to offer any additional evidence. As you noted, the difference in the guideline would be -- if he's a level 30 after acceptance would be 180 to something -- 180 to 210; and if the Court were to find that he

2

took the guns in connection with a crime of violence, he would be a level 31, which is 188 to 235, in essence, an eight-month difference on the bottom of the applicable guideline range. I don't think it's worth the Court's time to hear testimony on that issue.

I have witnesses here if the Court wants to hear them. I have the officers who responded to the scene and arrested the defendant and responded to the burglary and then the detective who took the statements from the victim of the burglary and then the wife of the -- who was the girlfriend of the defendant and also a statement of the defendant.

THE COURT: Well, all right. I will follow the suggested procedure and make a ruling as to the criminal history record. The government has filed a brief with the suggestions that I am entitled to look at, I guess, the charging documents rather than just to the statute.

Mr. Kuchar, do you wish to be heard further on this point?

MR. KUCHAR: Judge, if I might briefly summarize what was already advanced on behalf of Mr. Soileau in connection with this objection last week, and that is that, first of all, we agreed that the government has provided you an adequate statement of the precedent relevant to this issue.

You know, of course, you do have the authority, the ability to consider the charging document. I think you can

3

consider all what's been deemed as reliable court documents in order to make this determination; but, of course, you're not required to consider the charging document, the languages that you may look at, and really the question is whether or not -- whatever document, court document, you're relying upon, I think the ultimate question is whether it provides a reliable basis to determine specific nature of the guilty plea or the verdict. In other words, does the document provide you with an avenue under which you can make a clear determination that the crime is a crime of violence? And I would suggest that in this case when we're dealing with a statute which is overinclusive and it covers both a violent and nonviolent way in which a person can commit a burglary and the actual journal entry of sentencing or the commitment paperwork doesn't invite any guidance at all, I would again reiterate the argument that you really shouldn't then rely, you know, on the charging document to make that determination, because the charging document, again, could have been amended. There could have been some kind of plea agreement that is not in the record before the Court, and maybe, more specifically, the journal entry of sentencing, and this is in Exhibits 1 and 2 that correspond with paragraphs 44 and 47 of the PSI, respectively, does not make any reference to the original complaint. In other words, the journal entries don't say by reference to the charging document. There's no connection between the two that you can make.

4

So, Judge, I think we've, you know, we've sort of gone round and round on this. I know I said most of this to you last week. I objected to this specifically in writing when the PSI first came out, so really that's the extent -- our position hasn't changed any. It's still what it was when I first wrote the objections. So that's Mr. Soileau's objection on this.

THE COURT: I don't think I need to hear from Mr. Becker. I am satisfied that we have sufficient reliability in the documents before the Court and that the presentence report is correct as to the effect of the prior criminal record, so I will adopt the presentence report on those points.

I'm not quite sure about the numbers that should be recorded here. My understanding had been that we would be working with an offense level of 31 pursuant to paragraph 36 of the presentence report, and that we would not need a -- we would not need a ruling as to what the offense level before Chapter 4 enhancement would be used, and the presentence report says in paragraph 32 that would be 29.

I don't think Mr. Becker's been referring to different numbers, but I would -- the lawyers can be heard on this. I don't know why we are not dealing with an uncontested issue as to the offense level is 31 based upon my ruling as to armed career criminal, and that does not -- we don't need to resolve whose firearms were taken.

5

Can counsel --

MR. BECKER: Yes, sir.

THE COURT: -- deal with my confusion?

MR. BECKER: Yes, sir. The armed career criminal guideline contained in 4B1.4 would apply a level 34 if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence or controlled substance offense, or it would be a level 33. So the defendant has contested whether or not he possessed the firearm in connection with a felony offense of burglary. That would make it a 34. The government does not believe -- we'll concede that point because it doesn't have enough impact on the guidelines to make it worth contesting. So, therefore, he would be a level 33, get three for acceptance.

THE COURT: So there you get to 30?

MR. BECKER: Thirty. The guideline for 30 is 168 to 210, but the mandatory -- statutory minimum is 180. So the effective guideline range would be 180 to 210.

THE COURT: Based upon my -- the prior ruling as to the effect of the Louisiana prosecutions, Mr. Kuchar, are you in agreement with that?

MR. KUCHAR: Notwithstanding the objection that was litigated, we agree with the concept that the total offense level now is a 30. It begins with a base offense level of 33. Yes, we agree with the guideline range of 180 to 210 months.

6

THE COURT: All right. Based on that I really don't think I need to get into issues about whether -- about who owned the firearms, and I will -- I would conclude that paragraph 93 should be an offense level 30 and sentencing range of 180 to 210.

It's my understanding Mr. Becker doesn't think we need to have any further testimony. I don't either.

MR. BECKER: No, I agree with that, Judge. I've spoken to the witnesses. I explained the procedural posture of the case, and they're quite content if the Court were to find at a minimum of 15 years and they don't have to testify in federal court.

THE COURT: All right. Then, Mr. Kuchar and the defendant should come forward to the podium, and I would listen to Mr. Kuchar regarding anything you would want to argue or present regarding the sentencing decision based on my rulings.

MR. KUCHAR: Given the Court's ruling and the guidelines that are now here, we would suggest that a sentence at the mandatory minimum of 15 years would be appropriate.

Based on the nature of the prior offenses, and you've determined that they are classified as violent crimes, I guess if you were to kind of stretch out a list of violent crimes, the burglaries for which you've accepted he was convicted of really wouldn't be the most violent. It's not as if somebody got hurt or shot at. It was personally victimized

7

with a direct threat or violence. I think this situation certainly warrants the low end of the sentence. I think that would be more than necessary under the circumstances.

Judge, if you're inclined, Mr. Soileau is from the state of Louisiana, and he would like you to recommend a facility within that state. There are -- apparently there are two federal facilities there. That's our request, Judge. We would ask for a sentence at the mandatory/minimum.

THE COURT: And, Mr. Becker, do you wish to be heard?

MR. BECKER: Judge, the government would recommend a sentence within the applicable guideline range.

THE COURT: Mr. Soileau, you do have a chance to say something to me just before sentencing if you wish to, although there's no obligation to do that; and if you want to say something before sentencing, now would be the time.

THE DEFENDANT: Yes, Your Honor. I would just like to say my apologies for what I've done. Can you please consider I have children and elderly stepparents? I would like to get back home to them someday. I'm sorry for what I've done. I need to be punished for it and I understand, and I thank you for anything you've done for me.

THE COURT: 180 months is a middle of the range of sentence if you just look at the guidelines, and I'm satisfied that that is adequate or more than adequate for purposes of

8

punishment and purposes of deterrence. Obviously it is not a very encouraging past record, but one would expect that after serving a long sentence of this sort that finally would cause Mr. Soileau to comply with the law in the future.

There is a notation on my papers about the 500-Hour Residential Substance Abuse Treatment Program. Is it true that that is requested?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. I'll hand forward the papers that will be read into the record.

Pursuant to the Sentencing Reform Act of 1984, it's the judgment of the Court that the defendant, Louis A Soileau, is hereby committed to the custody of the Bureau of Prisons for 180 months on Count 3.

Upon release from imprisonment, the defendant shall be placed on supervised release for four years.

Since the Court finds the defendant does not have the ability to pay a fine, the fine is waived.

It is further ordered the defendant shall pay the United States a special assessment of $100, which will be due immediately.

While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by the Court. In addition, the defendant shall comply with the following special conditions: Successfully

9

participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the probation office, and pay any associated costs as directed by the probation office.

The defendant shall submit his person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media or effects to a search conducted by a United States probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time during supervision.

He shall satisfy any warrants or pending charges within the first 60 days of supervised release.

The defendant shall comply with the Western District of Missouri Offender Employment Guideline, which may include participation in training, counseling, and/or daily job searching as directed by the probation officer.  If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may

10

be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer.

Upon defendant's request, it is further recommended the defendant be designated to an institution for participation in the 500-Hour Residential Substance Abuse Treatment Program, and I will recommend that the institution be in the state of Louisiana or nearby. The defendant shall remain in custody.

And I do advise that a defendant who has just been sentenced and who wishes to appeal from the sentencing decision can only do so by filing a notice of appeal within 14 days of this date. And a person unable to pay the costs of appeal may apply for leave to appeal in forma pauperis.

MR. BECKER: Judge, the parties did agree at the time of sentencing the government would move to dismiss Counts 1 and 2 of the indictment.

THE COURT: Those counts will be dismissed with approval of the Court.

Court will be adjourned.

MR. BECKER: Are Exhibits 1 through 4 admitted into evidence?

THE COURT: Yes.

MR. BECKER: Thank you.

(Adjournment)

11

REPORTER'S CERTIFICATE

I, Katherine A. Calvert, Registered Merit Reporter, hereby certify that I am a duly appointed, qualified, and acting official court reporter for the Western District of Missouri; that on November 3, 2011, I was present and reported all of the proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. LOUIS A. SOILEAU, Defendant, No. 11-00013-01-CR-W-HFS.


_____, RMR
                Registered Merit Reporter


Dated this 9th day of December, 2011.

12