# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3552

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Louis A. Soileau, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 13, 2012
Filed: August 2, 2012

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Louis A. Soileau pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] determined Soileau had four prior convictions which qualified as violent felonies, and thus he was subject to the enhanced sentencing provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Soileau appeals the enhanced ACCA sentence. We affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

On January 3, 2011, Louis Soileau and his girlfriend stole firearms and a Chevrolet Corvette from the girlfriend's husband. The government filed a three-count indictment, charging Soileau with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The parties verbally agreed to dismiss counts one and two. Soileau pleaded guilty to count three.

Prior to sentencing, the district court ordered a Presentence Investigation Report (PSR). The PSR concluded Soileau was an armed career criminal under section 4B1.4 of the United States Sentencing Guidelines (USSG) and was therefore subject to an enhanced sentence under the ACCA. PSR ¶ 33. The PSR further indicated Soileau had four prior convictions which counted as violent felonies: paragraphs 46 and 48 of the PSR indicate Soileau burglarized a building, while paragraphs 44 and 47 indicate he had pleaded guilty to a "simple burglary." Accordingly, the PSR determined the advisory Sentencing Guidelines range to be 188 to 235 months' imprisonment. PSR ¶ 93. Soileau objected to the PSR's conclusion the convictions described in paragraphs 44 and 47 qualified as violent felonies. During the sentencing hearing on October 27, 2011, the government offered and, over a partial objection by defense counsel, the court admitted copies of the charging documents, change of plea documents, plea agreement, and commitment papers, for the simple burglary convictions described in paragraphs 44 and 47. The court also took judicial notice of section 14:62 of the Louisiana Revised Statute, "simple burglary."

At the sentencing hearing, Soileau objected to the PSR finding that he was subject to an enhanced sentence under § 924(e). Soileau argued the district court was restricted to applying a "categorical approach" in reviewing the prior Louisiana "simple burglary" convictions to determine whether they qualified as violent felonies, and thus it was limited to a review of the statute and the final commitment papers.

Soileau argued, therefore, that the district court could not refer to the charging documents, plea agreement, and change of plea documents. The government responded the court could look to these additional documents in those cases where the statute criminalized conduct which both would, and would not, qualify as a violent felony. The district court requested the parties brief the issue.

Ultimately, the district court determined it should use the modified categorical approach to decide whether Soileau's prior simple burglary convictions qualified as violent felonies. Thus, the district court considered the charging documents, plea agreement, and change of plea documents. Further, the court found there was "sufficient reliability in the documents before the court and that the presentence report is correct as to the effect of a prior criminal record." Sent. Tr. II at 5. Accordingly, the district court found Soileau had committed four prior violent felonies under § 924(e), and he was therefore subject to the enhanced sentence as an armed career criminal under section 4B1.4(a) of the Guidelines. The district court sentenced Soileau to 180 months' imprisonment. Soileau appeals the enhanced sentence under § 924(e).

II

"We review *de novo* a district court's determination that a defendant's prior conviction constitutes a violent felony for purposes of § 924(e)." United States v. Boaz, 558 F.3d 800, 806 (8th Cir. 2009).

Section 924(e) applies when a defendant has been convicted as a felon in possession of a firearm in violation of § 922(g) and has three prior violent felony convictions. 18 U.S.C. § 924(e)(1). A violent felony "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id.

§ 924(e)(2)(B). The statute mandates a minimum sentence of fifteen years. Id. § 924(e)(1). Although § 924(e) includes "burglary" as a violent felony, not all burglaries qualify as violent felonies: "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a *building or structure*, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990) (emphasis added).

A

Soileau appeals the district court's application of the § 924(e) sentence enhancement, arguing the government failed to prove he committed three qualifying violent felonies.

When determining whether a state-law offense qualifies as a violent felony, courts must always start with the formal categorical approach and look "only to the fact of conviction and the statutory definition of the prior offense." Id. at 602. However, "when the statute giving rise to the conviction criminalizes both conduct that does and does not qualify as a violent felony[,]" courts apply a modified categorical approach. United States v. Webster, 636 F.3d 916, 919 (8th Cir. 2011) (internal quotation marks and citation omitted). The modified categorical approach permits courts to review "the charging document, jury instructions, plea agreement or plea hearing transcript, and comparable judicial records . . . ." United States v. Salean, 583 F.3d 1059, 1061 (8th Cir. 2009).

In this case, after considering the commitment papers corresponding to the two contested felonies, the district court examined the charging documents, plea agreement, and change of plea documents for two reasons. First, the court used the documents to determine the statute to which Soileau pleaded guilty—section 14:62 of the Louisiana Revised Statues. Second, because section 14:62 criminalizes both

-4-

conduct which does and does not qualify as a violent felony, the court proceeded to consider those same documents when it applied the modified categorical approach.

Soileau argues the court improperly considered the charging documents, plea agreement, and change of plea documents in both instances. He contends that because the commitment papers lack credibility,[2] this fact alone should have prevented the court from using the additional documents to determine to which statute Soileau pleaded guilty, and further should have prevented the court from applying the modified categorical approach to categorize his previous conduct.

We first reject Soileau's argument the court was not permitted to consider documents besides the commitment papers to determine the statute to which Soileau pleaded guilty. In determining of which crime a person was previously convicted, courts are not limited to reviewing commitment documents. See Webster, 636 F.3d at 919 (stating that to determine whether the defendant was convicted of a particular crime, the court may weigh "the case history document, and any other available relevant evidence"). Although the Supreme Court has limited the type of evidence a court may consider to determine the character of the prior conviction, "[t]he limitation does not apply to antecedent factual questions such as whether the defendant was convicted of a crime at all, or of which crime the defendant was convicted." Id. Instead, courts may consider other relevant documents, as the district court did in this case.

We recognize Soileau's commitment papers relating to both contested felonies only indicated he pleaded guilty to a "simple burglary." And while section 14:62 of the Louisiana Revised Statutes defines "simple burglary," neither commitment paper

_____

[2]Soileau states the commitment papers do not reference a statute number, do not include the signature of either attorney, do not include Soileau's signature, and only one of the commitment papers includes the district court judge's signature.

-5-

listed the statute's number.  But the court was permitted to consider the charging documents, and those documents collaborate the fact Soileau pleaded guilty to a charge of simple burglary brought under section 14:62 of the Louisiana Revised Statutes.  Count one of the charging document which corresponds to the simple burglary conviction listed in paragraph 44 of the PSR states Soileau did "commit simple burglary . . . in violation of R.S. 14:62."  Similarly, the charging document related to the simple burglary conviction listed in paragraph 47 states Soileau "committed the offense of R.S. 14:62 SIMPLE BURGLARY . . . ."  Therefore, having reviewed the commitment papers and the charging documents, we conclude the district court properly determined the statute to which Soileau pleaded guilty was section 14:62 for both contested felonies.

We also reject Soileau's argument the district court improperly applied the modified categorical approach to determine the nature of his prior convictions. Soileau does not dispute the fact section 14:62 is overinclusive since it criminalizes both conduct which does and does not qualify as a violent felony under § 924(e): section 14:62 of the Louisiana Revised Statutes defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, moveable or immovable, or any cemetery, with the intent to commit a felony or any theft therein[.]"  Thus, the court properly looked to the additional judicial documents when it weighed whether Soileau's actions giving rise to the two contested convictions fell within the part of the statute that criminalizes entry into a building or structure. See United States v. Demint, 74 F.3d 876, 877 (8th Cir. 1996) (affirming application of the modified categorical approach stating "[t]he Louisiana statute . . . defines burglary more broadly than the generic definition in Taylor, because the statute includes vehicles and watercraft").

Soileau further argues that even if the district court correctly decided to use the modified categorical approach, it could not rely *solely* on the change of plea documents and charging documents when conducting its analysis.  Instead, Soileau

Case 4:11-cr-00013-RK     Document 45-1     Filed 08/02/12     Page 6 of 10
Appellate Case: 11-3552     Page: 6     Date Filed: 08/02/2012 Entry ID: 3938246

contends the government should have provided the district court with the plea agreements, the jury instructions, or other court records.

When using the modified categorical approach to analyze whether a prior conviction qualifies as a violent felony, courts can review the "charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). And, although courts may consider any of these documents, they need not review all of them. United States v. Vasquez-Garcia, 449 F.3d 870, 873 (8th Cir. 2006) (stating "where a charging document already narrows the overinclusive statute, Shepard does not require the government to produce . . . additional documentation.").

In this case, the government provided the district court with the charging document, change of plea document, and the plea agreement pertaining to the simple burglary conviction listed in paragraph 44 of the PSR, as well as the charging document and change of plea document pertaining to the simple burglary conviction listed in paragraph 47 of the PSR. The district court reviewed the documents and determined they contained sufficient information to show Soileau's prior simple burglary convictions qualified as violent felonies. Therefore, the court did not need to analyze all of the documents permissible under the modified categorical approach. Accordingly, the district court properly applied the modified categorical approach in looking to the charging documents, plea agreement, and change of plea documents.

B

Soileau alternatively argues that even if the district correctly used the modified categorical approach, the charging documents did not contain sufficient information to show the convictions qualify as violent felonies.

-7-

The government is required to prove the defendant pleaded guilty to a qualifying generic burglary offense under the ACCA by a preponderance of the evidence, using permissible court documents under the modified categorical approach. See United States v. Forrest, 611 F.3d 908, 913 (8th Cir. 2010) (stating "the issue is whether the government proved by a preponderance of the evidence that [the defendant] pleaded guilty to a qualifying burglary offense with judicial records permitted under the modified categorical approach . . . .").

Count one of the charging document, which pertains to the simple burglary conviction listed in paragraph 44 of the PSR, simply alleges Soileau "did willfully and unlawfully commit simple burglary of a building and/or belonging to Jasper Dupre, in violation of R.S. 14:62." Soileau argues that according to this language he could have committed a burglary of a "belonging," such as a vehicle or watercraft, which does not qualify as a violent felony. See Taylor, 495 U.S. at 599 (holding a burglary must be of a building or structure in order to qualify as a violent felony for ACCA purposes).

While we acknowledge Soileau raises a valid point, we need not determine whether the government sufficiently proved the acts charged in paragraph 44 qualify as a violent felony. Soileau does not contest that the PSR describes two prior violent felony convictions. Therefore, we need only find that one of the contested simple burglary convictions qualifies as a violent felony for Soileau to have been convicted of three violent felonies, thereby subjecting him to an enhanced sentence under the ACCA.

Count one of the charging document relevant to the simple burglary conviction listed in paragraph 47 of the PSR alleges: "On or about July 06, 2006, . . . Louis Soileau . . . committed the offense of R.S. 14:62 SIMPLE BURGLARY, by the unauthorized entry of the property of another located at Town & Country Grocery Store . . . ." The same charging document lists two other counts which also occurred

-8-

on July 06, 2006:  count two alleges Soileau "committed the offense of R.S. 14:67 THEFT, by committing theft of cigarettes, change and liquor of a value over $500."; and count three states Soileau "committed the offense of R.S. 14:56 SIMPLE CRIMINAL DAMAGE TO PROPERTY to central unit and cash register with the damage amounting over $500."  Soileau argues that according to the information listed in the charging document, he could have committed burglary of a sales tent or vehicle parked on the property of the Town and Country Store, rather than burglary of a building or structure.

A court should look to the charging document as a whole in order to determine whether a defendant was charged with a qualifying burglary.  See United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir. 1998) (stating the "charging document as a whole shows that the defendant was charged only with a burglary of a building") (internal quotation marks and citation omitted).  Therefore, in this case, count one should be considered in conjunction with counts two and three to determine whether Soileau was charged with burglary of a building or structure.  The evidence indicating Soileau entered property at the Town & Country Grocery store, damaged the "central unit and cash register," and stole "cigarettes, change and liquor," is sufficient to prove by a preponderance of the evidence that Soileau did in fact burglarize a building or structure.  Soileau contends that even considering those three facts together, it is still possible he burglarized a sales tent, rather than a building.  But preponderance of the evidence simply means it is more likely than not that an event occurred; the standard does not require the government to eliminate every plausible scenario.  In looking to the charging document as a whole, we conclude the crime listed in paragraph 47 of the PSR counts as a violent felony.

Case 4:11-cr-00013-RK    Document 45-1    Filed 08/02/12    Page 9 of 10
Appellate Case: 11-3552    Page: 9    Date Filed: 08/02/2012 Entry ID: 3938246

Accordingly, because Soileau committed at least three prior violent felonies, the district court properly sentenced him as an armed career criminal.[3]

III

The judgment and sentence are affirmed.

_____

---

[3]We have considered appellant's remaining arguments and conclude they are without merit.

-10-

Case 4:11-cr-00013-RK    Document 45-1    Filed 08/02/12    Page 10 of 10
Appellate Case: 11-3552    Page: 10    Date Filed: 08/02/2012 Entry ID: 3938246